Jonathan A. Grasso
Pierce McCoy, PLLC
85 Broad Street, Suite 17-063
New York, NY 10004
Tel: (212) 369-8080
Fax: (757) 257-0387
jon@piercemccoy.com

*Proposed Counsel to the Debtor*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Moustache Brewing Co. LLC.,[1] | Case No.: 20-72474 |
| Debtor. | |

### MOTION FOR ORDER (A) AUTHORIZING INTERIM USE OF CASH COLLATERAL, (B) GRANTING ADEQUATE PROTECTION AND <u>(C) SCHEDULING FINAL HEARING PURSUANT TO FED. R. BANKR. PRO. 4001</u>

COMES NOW Moustache Brewing Co. LLC., debtor in possession in this Chapter 11 bankruptcy case (the "Debtor"), by counsel, and respectfully moves this Court for the entry of an order (the "Order") in form substantially similar to attached **Exhibit A** (a) authoring the Debtor's use of cash collateral on an interim basis in accordance with the proposed budget (the "Proposed Budget") attached to the Order as **Exhibit 1**, (B) Granting Adequate Protection to the U.S. Small Business Administration (the "SBA") and (C) Scheduling a Final Hearing Pursuant to Fed. R. Bankr. Pro. 4001, and in support thereof states as follows:

---

[1] The last four digits of the Debtor's federal tax identification number are 1306.

**Summary**

| Category | Description |
|---|---|
| Parties with interest in Cash Collateral | U.S. Small Business Administration – Economic Injury Disaster Loan. |
| Purpose for use of Cash Collateral | The Debtor requires use of Cash Collateral to fund its business operations in accordance with its Proposed Budget. Without use of Cash Collateral, the Debtor will be unable to continue operating to the detriment of its bankruptcy estate, its creditors, and its employees. |
| Adequate Protection | Replacement lien on all assets of the Debtor to the U.S Small Business Administration. |
| Termination Date | The Debtor seeks use of Cash Collateral on an interim basis through and including August 16, 2020, and on a final basis after a final hearing through and including February 3, 2021, subject to the request for an extension should a plan of reorganization not be confirmed by that time. |

## JURISDICTION AND PROCEDURAL BACKGROUND

1. On July 21, 2020 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 petition in this Court. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor is proceeding in this case through Subchapter V of Chapter 11.

2. No trustee, examiner, or committee has been appointed in this Chapter 11 case, but the Debtor anticipates the appointment of a Subchapter V Trustee shortly.

3. The Court has original jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is also a core proceeding under 28 U.S.C. § 157(b)(2).

4. Venue is proper according to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

5. Since its formation in 2012, the Debtor has operated a brewery out of Riverhead, New York. The co-managing members of the Debtor are Lauri Spitz and Matthew Spitz. Lauri and Matthew together also own 91% of the equity interest in the Debtor.

6. The Debtor both distributes beer for resale and has a tap room located at the brewery for direct sales to customers.

7. The Debtor faced significant set-backs as a result of both a poorly executed expansion and significant shutdown period due to COVID-19, requiring the need for the filing of this bankruptcy case. The factual background of the Debtor is further described in the Declaration of Lauri Spitz pursuant to E.D.N.Y. Local Bankruptcy Rule 1007-4, which is incorporated herein by reference. See Docket No. 1.

8. However, as a result of the recent signing of a new distribution agreement, the Debtor believes that its revenues will increase going forward, providing the positive cash flow necessary to allow it to reorganize in bankruptcy. As an initial step though, the Debtor needs use of cash collateral in order to allow it to continue to operate to take advantage of the new distribution agreement.

## SECURED DEBT

**I. U.S. Small Business Administration**

9. On or about May 4, 2020, the Debtor, as borrower, and the SBA as lender, entered into a Note to obtain a $157,700.00 loan (the "Note") through the SBA's Economic Injury Disaster Loan program. A copy of this Note is attached hereto as **Exhibit B**.

10. Pursuant to the Note, monthly payment of $769.00 are not scheduled to begin until May 2021.

11.     On the same day, the Debtor and the SBA entered into a Security Agreement to provide as collateral for the Note, "all tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments including promissory notes, . . . (g) accounts . . . (h) deposit accounts . . . [and] (j) general intangibles" of the Debtor (the "Security Agreement").  A copy of this Security Agreement is attached hereto as **Exhibit C**.

12.     The security interest provided for in the Security Agreement is perfected pursuant to the UCC Financing Statement filed on May 26, 2020.  A copy of the UCC Financing Statement is attached hereto as **Exhibit D**.

13.     As of the Petition Date, the Debtor owes approximately $157,700 to the SBA.

14.     Accordingly, the SBA maintains a first priority lien against the Debtor's cash, and cash equivalents, including cash in certain deposit accounts, where ever located, whether as original pre-petition collateral or proceeds of other pre-petition collateral (the "Cash Collateral") and a blanket first priority lien against all remaining assets of the Debtor, except as otherwise described below.

## II. Non-Cash Collateral Secured Debt

15.     The SBA is the only entity with a lien on the Debtor's cash collateral.

16.     However, Ascentium Capital has a purchase money security interest with an outstanding balance of approximately $6,242.56 in two top flo pumps and a 7 barrel brewhouse, and Valley National Bank has a first priority lien with an outstanding balance of approximately $10,627.75 in the Debtor's 2016 Dodge Ram Promaster 2500.

## ASSETS OF THE DEBTOR

17.     As of the Petition Date, the Debtor's total assets are valued at approximately $200,000.

18. The Debtor's assets mainly consist of approximately $35,000 in cash, $10,000 in collectible accounts receivable, a promissory note with a $30,000 balance, $85,000 in equipment and furniture, a $20,000 vehicle, and $30,000 in inventory (plus certain less easily valued assets such as intellectual property, goodwill, and its leasehold interests).

### THE DEBTOR'S NEED TO USE CASH COLLATERAL

19. The Debtor has filed this motion since it has an urgent need for the use of cash collateral to pay necessary operating expenses.

20. The consequences of leaving the Debtor without access to the Cash Collateral will have a materially adverse effect on the Debtor's ability to reorganize its financial affairs and will adversely affect the Debtor and its creditors, as the Debtor will lack the ability to operate without the ability to purchase ingredients necessary to produce its beer, the ability to pay its employees, etc.

### CASH COLLATERAL

21. The Debtor estimates that its gross revenues for the next 30 days will be approximately $48,000. The Debtor's operating expenses for the next thirty days will be approximately $43,000, as set forth in the Proposed Budget attached to the proposed Order.

### ADEQUATE PROTECTION

22. Parties with an interest in Cash Collateral are entitled to adequate protection. 11 U.S.C. § 363(e). What constitutes adequate protection is determined on a case-by-case basis. See In re Mosello, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996) ( "The determination of adequate protection is a fact specific inquiry . . . left to the vagaries of each case . . . but its focus is protection of the secured creditor from diminution in the value of its collateral during the reorganization process." (quotation omitted). Accordingly adequate protection may be provided in

various forms, but two of the most common forms are replacement liens and a super priority claims. See In re AppliedTheory Corp., 2008 WL. 1869770, at *8 (Bankr. S.D.N.Y. April 4, 2008)

23. To adequately protect U.S. Small Business Administration, the Debtor offers to grant to U.S. Small Business Administration a replacement lien in all of the Debtor's now existing and hereafter acquired real and personal property and assets.

24. Additionally, the Debtor intends to make monthly payments to the U.S. Small Business Administration of $769.00/month beginning in May 2021 as provided for in the Note.

25. Based on the foregoing, the adequate protection granted to the SBA is both fair and reasonable, and sufficient to satisfy the requirements of the Bankruptcy Code.

## RELIEF REQUESTED

26. The Debtor seeks entry of an interim order in form substantially similar to the proposed Order attached to this Motion as **Exhibit A** authorizing the Debtor's use of Cash Collateral in accordance with the Proposed Budget.

27. Courts have repeatedly recognized that use of cash collateral is appropriate where necessary to preserve a debtor's ability to reorganize and thus maximize the value of the estate for all interested parties. See In re Realty Southwest Assoc., 140 B.R. 360, 366 (Bankr. S.D.N.Y. 1992); 3 Collier on Bankruptcy 363.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. Rev. 2006).

28. For the reasons set forth herein, the Debtor requires use of Cash Collateral to operate its business and pay the expenses set forth in the Proposed Budget attached to the proposed Order.

29. Section 363(c) of the Bankruptcy Code governs a debtor's use of a secured creditor's cash collateral. Specifically, Section 363(c)(2) provides that:

> The trustee may not use, sell or lease cash collateral . . . unless-
> (A) each entity that has an interest in such cash collateral consents; or
> (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of [] section 363.

30. Section 363(e) provides that "on request of an entity that has an interest in property . . . proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

31. The Debtor has met the requirements of sections 363(c)(2) and (e), and should be authorized to use the Cash Collateral. As described above, the Debtor is providing the SBA with Adequate Protection in the form of replacement liens on the Debtor's assets. Accordingly, the Court should grant the Debtor the authority to use the SBA's Cash Collateral pursuant to section 363(c)(2).

### THE DEBTOR REQUIRES IMMEDIATE ACCESS TO THE CASH COLLATERAL AND REQUESTS THAT A FINAL HEARING BE SET ON CASH COLLATERAL

32. The Court may grant interim relief in respect of a motion filed pursuant to section 363(c) or 364 where, as here, interim relief is "necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. Pro. 4001(b)(2), (c)(2). In examining requests for interim relief under this rule, courts generally apply the same business judgment standard applicable to other business decisions. See In re Ames Dept. Stores, Inc., 115 B.R. 34, 36 (Bankr. S.D.N.Y. 1990).

33. The Debtor and its estate will suffer immediate and irreparable harm, unless an expedited interim hearing is set to allow the Court to consider the Debtor's ability to use the Cash Collateral on an interim basis pending a final hearing.

34. The Debtor also requests that a final hearing on Cash Collateral be set prior to the expiration of any interim relief to use Cash Collateral.

35. The Debtor requires immediate use of Cash Collateral to fund its operations as outlined in the Motion. Absent such relief, the Debtor will be unable to continue operating to the detriment of its bankruptcy estate, its creditors, and its employees.

## NO PRIOR REQUEST

36. No previous request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein, and grant the Debtor such other relief as the Court deems just and proper.

Dated: July 21, 2020                              Respectfully submitted,

                                                                         By:*/s/ Jonathan A. Grasso*
                                                                          Jonathan A. Grasso
                                                                          Pierce McCoy, PLLC
                                                                          85 Broad Street, Suite 17-063
                                                                          New York, NY 10004
                                                                          Tel: (212) 369-8080
                                                                          Fax: (757) 257-0387
                                                                          jon@piercemccoy.com

                                                                          *Proposed Counsel to the Debtor*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2020, the foregoing Motion, and all exhibits thereto were sent to the following via overnight delivery:

U.S. Small Business Administration
409 3rd Street, SW
Washington, D.C. 20416

Office of the United States Trustee
Long Island Federal Plaza Courthouse
560 Federal Plaza
Central Islip, New York 11722

                                                     *s/ Jonathan A. Grasso*
                                                     Jonathan A. Grasso